B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Endeavour Operating Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**20-0796552** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**811 Main Street, Suite 2100**<br>**Houston, TX**<br>ZIP CODE **77002** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**<br>ZIP CODE **N/A** |
| County of Residence or of the Principal Place of Business: **Harris County** | County of Residence or of the Principal Place of Business: **N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A**<br>ZIP CODE **N/A** | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**<br>ZIP CODE **N/A** |
| Location of Principal Assets of Business Debtor (if different from street address above): **N/A**<br>ZIP CODE **N/A** | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests: _____<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☒ 1000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                                      Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Endeavour Operating Corporation** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:     **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location<br>Where Filed:     **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>           **See Attached Schedule 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11).<br><br>**NOT APPLICABLE**<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>**NOT APPLICABLE**<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br>X_____<br>   Signature of Attorney for Debtor(s)              (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

**NOT APPLICABLE**

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord than obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B1 (Official Form) 1 (04/13)                                                                                                                    Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**Endeavour Operating Corporation** |
|---|---|

## Signatures

<table>
<tr>
<td><b>Signature(s) of Debtor(s) (Individual/Joint)</b></td>
<td><b>Signature of a Foreign Representative</b></td>
</tr>
<tr>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____<br>Signature of Debtor

X_____<br>Signature of Joint Debtor

_____<br>Telephone Number (If not represented by attorney)

_____<br>Date

</td>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X_____<br>(Signature of Foreign Representative)

_____<br>(Printed Name of Foreign Representative)

_____<br>Date

</td>
</tr>
<tr>
<td><b>Signature of Attorney*</b></td>
<td><b>Signature of Non-Attorney Bankruptcy Petition Preparer</b></td>
</tr>
<tr>
<td>

X /s/ Mark D. Collins_____<br>Signature of Attorney for Debtor(s)

Mark D. Collins (No. 2981)      Gary T. Holtzer<br>Printed Name of Attorney for Debtor(s)

Richards, Layton & Finger, P.A.      Weil, Gotshal & Manges LLP<br>Firm Name

One Rodney Square, 920 North King St.      767 Fifth Avenue<br>Wilmington, Delaware 19801      New York, New York 10153<br>Address

(302) 651-7700      (212) 310-8000<br>Telephone Number

October 10, 2014<br>Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td>

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer

_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____<br>Address

X_____<br>Signature

_____<br>Date

</td>
</tr>
<tr>
<td>

<b>Signature of Debtor (Corporation/Partnership)</b>

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *William L. Transier*_____<br>Signature of Authorized Individual

William L. Transier<br>Printed Name of Authorized Individual

Chief Executive Officer and President<br>Title of Authorized Individual

October 10, 2014<br>Date

</td>
<td>

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Name and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
</table>

### Schedule 1

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Endeavour International Corporation | 14-_____( ) | October 10, 2014 | Delaware | Pending |
| Endeavour Colorado Corporation | 14-_____( ) | October 10, 2014 | Delaware | Pending |
| Endeavour Energy New Ventures Inc. | 14-_____( ) | October 10, 2014 | Delaware | Pending |
| END Management Company | 14-_____( ) | October 10, 2014 | Delaware | Pending |
| Endeavour Energy Luxembourg S.à r.l. | 14-_____( ) | October 10, 2014 | Delaware | Pending |

## UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF DIRECTORS OF
## ENDEAVOUR OPERATING CORPORATION

### October 8, 2014

The undersigned, being all of the directors of Endeavour Operating Corporation, a Delaware corporation (the "***Company***"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, do hereby consent and agree that the following resolutions be, and hereby are, adopted by the Board of Directors of the Company (the "***Board***"):

Commencement of Chapter 11 Case

RESOLVED, that in the judgment of the Board, after consultations with counsel and its financial advisor, it is desirable and in the best interests of the Company, its creditors, and other interested parties, that petitions be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), pursuant to a chapter 11 plan of reorganization, on substantially the terms set forth in the term sheet attached hereto as Exhibit A (the "***Term Sheet***");

RESOLVED, that the Chairman, the Chief Executive Officer, the President, the General Counsel, the Chief Financial Officer and any other person designated and so authorized to act (each, an "***Authorized Officer***") on behalf of the Company by the aforementioned officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time that the Authorized Officer executing the same shall determine; and further

Restructuring Support Agreement

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, (a) a restructuring support agreement, to be entered into with certain of the Company's creditors, with respect to a chapter 11 plan of reorganization, on substantially the terms set forth in the Term Sheet, and (b) such other documents, agreements, instruments and certificates as may be required by such restructuring support agreement;

Retention of Chief Restructuring Officer

RESOLVED, that David Baggett, Managing Partner of Opportune LLP, is hereby employed as Chief Restructuring Officer ("***CRO***") for the Company. Subject to his business judgment and fiduciary responsibilities and with the assistance of the Chief Executive Officer (the "***CEO***") and other executive officers, the CRO:

WEIL:\95116783\3\43794.0003

(i) Will assume a lead management position in guiding the Company through its reorganization efforts (including any chapter 11 bankruptcy filing) and the evaluation, development, negotiation, and implementation of such restructuring efforts (the "***Reorganization Efforts***");

(ii) Will determine the retention and use of other restructuring-related professionals in these cases;

(iii) Will be granted authority to evaluate, implement, and manage cost reduction measures and operational improvement measures necessary to preserve and maximize the value and efficiency of the Company; and further

Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby employed as counsel for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and further

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. is hereby engaged as co-counsel for the Company in the Company's chapter 11 case, subject to the approval of the Bankruptcy Court; and further

RESOLVED, that the firm of The Blackstone Group L.P. is hereby employed as financial advisor for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and further

RESOLVED, that the firm of AlixPartners, LLP is hereby employed as restructuring advisor for the Company in the Company's chapter 11 case, subject to the approval of the Bankruptcy Court; and further

RESOLVED, that the firm of Kurtzman Carson Consultants LLC is hereby employed as claims, noticing and solicitation agent for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed to execute and file in the Company's chapter 11 case, all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, including, without limitation, negotiating and obtaining debtor-in-possession financing and/or the use of cash collateral, and executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with such debtor-in-possession financing and/or use of cash collateral, with a view to the successful prosecution of such case; and further

WEIL:\95116783\3\43794.0003

General Authorization and Ratification

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case; and further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[Signature Page Follows]

WEIL:\95116783\3\43794.0003

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of the Company, have executed this written consent as of the date first set forth above.

_William L. Transier_
Name:  William L. Transier

EXHIBIT A to the Unanimous Written Consent

WEIL:\95116783\3\43794.0003

**THIS TERM SHEET IS NOT AN OFFER WITH RESPECT TO ANY SECURITIES OF ENDEAVOUR INTERNATIONAL CORPORATION OR A SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN WITHIN THE MEANING OF SECTION 1125 OF THE BANKRUPTCY CODE. NOTHING CONTAINED IN THIS TERM SHEET IS AN ADMISSION OF FACT OR LIABILITY OR SHALL BE DEEMED BINDING ON ANY OF THE DEBTORS OR THE RSA CREDITOR PARTIES. THIS TERM SHEET CONTAINS MATERIAL NONPUBLIC INFORMATION AND, THEREFORE, IS SUBJECT TO FEDERAL SECURITIES LAWS.**

**ENDEAVOUR INTERNATIONAL CORPORATION, ET AL.**
**CHAPTER 11 PLAN TERM SHEET**

*This non-binding term sheet (the "Term Sheet") describes the material terms of a proposed chapter 11 plan of reorganization (the "Plan") for Endeavour International Corporation ("EIC") and certain of its subsidiaries (collectively, the "Company"). This Term Sheet does not constitute a contractual commitment of any party but merely represents the proposed terms for a restructuring of the Company's capital structure and is subject in all respects to the negotiation, execution and delivery of definitive documentation, including entry into an acceptable restructuring support agreement (the "RSA") between the Company and certain of its creditors (collectively, the "RSA Creditor Parties"). This Term Sheet does not include a description of all the relevant terms and conditions of the restructuring contemplated herein.*

*This Term Sheet shall not constitute an offer to buy, sell or exchange for any of the securities or instruments described herein. It also shall not constitute a solicitation of the same. Further, nothing herein constitutes a commitment to exchange any debt, lend funds to any of the Debtors, vote in a certain way or otherwise negotiate or engage in the transactions contemplated herein.*

*This Term Sheet is strictly confidential and may not be shared with anyone other than its intended recipients. It is proffered in the nature of a settlement proposal in furtherance of settlement discussions and is intended to be entitled to the protections of Rule 408 of the Federal Rules of Evidence and all other applicable statutes or doctrines protecting the use or disclosure of confidential information and information exchanged in the context of settlement discussions.*

**SUMMARY OF PRINCIPAL TERMS AND CONDITIONS**

**Transaction Overview**

| | |
|---|---|
| *Debtors:* | Endeavour International Corporation, Endeavour Operating Corporation ("EOC"), Endeavour Colorado Corporation ("END Colorado"), END Management Company, Endeavour Energy New Ventures Inc. and Endeavour Energy Luxembourg S.à r.l. ("END LuxCo") (collectively, the "Debtors").<br><br>Endeavour International Holding B.V. ("BV") and its subsidiaries (other than END LuxCo) will not file for chapter 11 protection (collectively, the "Non-Debtors"). |
| *Chapter 11 Plan:* | The Debtors will propose a chapter 11 plan that implements all of the terms set forth in this Term Sheet. |

*Debt to be
Restructured:*

$404 million in principal plus all other amounts outstanding under the 12% First Priority Notes due March 1, 2018 issued pursuant to that certain Indenture dated February 23, 2012 (the "March 2018 Notes Indenture") between EIC, as issuer, and Wells Fargo, National Association, as trustee (the "March 2018 Notes"; all holders of such March 2018 Notes, the "March 2018 Noteholders").

$150 million in principal plus all other amounts outstanding under the 12% Second Priority Notes due June 1, 2018 issued pursuant to that certain Indenture dated February 23, 2012 (the "June 2018 Notes Indenture") between EIC, as issuer, and Wilmington Trust, National Association, as trustee (the "June 2018 Notes," together with the March 2018 Notes, the "2018 Notes"); all holders of such June 2018 Notes, the "June 2018 Noteholders," and together with the March 2018 Noteholders, the "2018 Noteholders").

$83.7 million in principal plus all other amounts outstanding under the Bonds issued pursuant to that certain Trust Deed (the "7.5% Convertible Bonds Trust Deed") dated January 24, 2008 for the issuance of $40 million of 11.5% (later reduced to 7.5%) Guaranteed Convertible Bonds due 2014 (later extended to 2016) between END LuxCo, as issuer, and BNY Corporate Trustee Services Limited, as trustee (the "7.5% Convertible Bonds"; all holders of such 7.5% Convertible Bonds, the "7.5% Convertible Bondholders").

$135 million in principal plus all other amounts outstanding under the Notes issued pursuant to that certain Indenture (the "5.5% Convertible Notes Indenture") dated July 22, 2011 for the issuance of 5.5% Convertible Senior Notes due 2016 between EIC, as issuer, and Wilmington Savings Fund Society, FSB, as indenture trustee (the "5.5% Convertible Notes"; all holders of such 5.5% Convertible Notes, the "5.5% Convertible Noteholders").

$17.5 million in principal plus all other amounts outstanding under the Notes issued pursuant to that certain Indenture (the "6.5% Convertible Notes Indenture") dated March 2, 2014 for the issuance of 6.5% Convertible Senior Notes due 2016 between EIC, as issuer, and Wilmington Savings Fund Society, FSB, as indenture trustee (the "6.5% Convertible Notes"; all holders of such 6.5% Convertible Notes, the "6.5% Convertible Noteholders").

None of the indebtedness or other obligations of the Non-Debtors will be affected by the restructuring, including the $440 million in principal plus interest and any other amounts

2

outstanding under the amended and restated term loan facility entered into by and between certain of the Non-Debtors and Credit Suisse AG dated September 30, 2014 (the "EEUK Term Loan").

### Treatment of Claims

*Administrative Expense Claims (including 503(b)(9) Claims):*

Payable in full in cash on the effective date of a chapter 11 plan of reorganization (the "Effective Date") or on such other terms as agreed between the Debtors and the holder thereof, subject to the reasonable consent of the requisite majority of each class of RSA Creditor Parties (collectively, the "Requisite Creditors").

Unclassified – Non-Voting

*Priority Tax Claims:*

Payable in deferred cash payments over a period not longer than five (5) years after the Petition Date or on such other terms as agreed between the Debtors and the holder thereof, subject to the reasonable consent of the Requisite Creditors.

Unclassified – Non-Voting

*Other Priority Claims:*

Payable in full in cash on the Effective Date or on such other terms as agreed between the Debtors and the holder thereof, subject to the reasonable consent of the Requisite Creditors.

Unimpaired – Deemed to Accept

*Other Secured Claims:*

On the Effective Date, all allowed secured claims ("Other Secured Claims") shall be paid in full in cash, receive delivery of collateral securing any such claim and payment of any interest requested under section 506(b) of the Bankruptcy Code, or be treated on such other terms as agreed between the Debtors and the holder thereof, subject to the reasonable consent of the Requisite Creditors. The aggregate amount of Other Secured Claims shall not exceed an amount to be reasonably agreed upon by the Debtors and the Requisite Creditors.

Impaired – Entitled to Vote. The Debtors reserve the right to argue at confirmation that the Other Secured Claims are unimpaired.

*March 2018 Notes:*

On the Effective Date, all of the March 2018 Notes shall be canceled, and each March 2018 Noteholder shall receive, on account of its allowed claim in respect of such March 2018 Notes, such March 2018 Noteholder's *pro rata* share of:

(i) $262.5 million in new notes (the "Reorganized EIC Notes") due March 31, 2020. The Reorganized EIC Notes shall have the

following terms:

(A) The Reorganized EIC Notes shall be redeemable at par at any time without premium or penalty.

(B) The Reorganized EIC Notes shall bear interest at the rate of 9.75%, to be paid semi-annually, which interest shall be payable, at the reorganized Debtors' option, in cash or payment-in-kind and in cash from and after the time the EEUK Term Loan is refinanced.

(C) The Reorganized EIC Notes shall be guaranteed by (1) the same guarantors that guarantee the March 2018 Notes, (2) any future domestic subsidiary of reorganized EIC and (3) any other subsidiary of reorganized EIC that is not already a guarantor of the Reorganized EIC Notes and which guarantees any other indebtedness of reorganized EIC or any guarantor of the Reorganized EIC Notes.

(D) The Reorganized EIC Notes shall be secured to the same extent as the March 2018 Notes, including, without limitation, by (1) 65% of the equity interests of any first tier foreign subsidiary and (2) promissory notes or other indebtedness owed by any foreign subsidiary to reorganized EIC or any domestic subsidiary thereof, provided that as to that certain intercompany note dated May 31, 2012, between Endeavour Energy U.K. Limited and EOC (the "Intercompany Note"), the Company may (i) reduce the principal amount of the Intercompany Note to match the principal amount of the Reorganized EIC Notes, (ii) change the interest rate of the Intercompany Note to not less than the interest rate of the Reorganized EIC Notes and/or (iii) change the maturity date of the Intercompany Note to not later than the maturity date of the Reorganized EIC Notes.

(E) The Reorganized EIC Notes shall (1) prohibit the sale of production payments and incurrence of additional indebtedness by reorganized EIC and its subsidiaries, subject to such exceptions as may be agreed to by the ad hoc committee of 2018 Noteholders (the "Ad Hoc Prepetition Noteholders Group"), and (2) limit forward sales of hydrocarbons to not more than $25 million of forward sales outstanding at any time.

(F) The Reorganized EIC Notes shall be governed by an indenture and form of note that is substantially similar to the indenture and note governing the March 2018 Notes except as expressly provided in this term sheet and with such other changes (i) as may be agreed by the Ad Hoc Prepetition Noteholders Group and the Company, and (ii) as may be reasonably acceptable to the other Requisite Creditors collateral securing the Reorganized EIC Notes shall be substantially

4

similar to the collateral documents with respect to the March 2018 Notes.

–and–

(ii) Such March 2018 Noteholders' *pro rata* share of the Series A convertible preferred equity of reorganized EIC and having an aggregate liquidation preference of $196.1 million (the "Series A Convertible Preferred").

The Series A Convertible Preferred to be issued to the March 2018 Noteholders shall (i) pay dividends quarterly at a rate of 3.5% per annum in cash or additional Series A Preferred at the option of the Company, (ii) initially be convertible into 66.30% of the common equity of reorganized EIC at the holders' option within (5) years of the Effective Date, and thereafter if not mandatorily redeemed (in each case without regard to the then current stock price) and (iii) be mandatorily redeemable five (5) years after the Effective Date in cash for an amount equal to the aggregate liquidation preference plus the amount of any accrued and unpaid dividends. If the Company does not mandatorily redeem the Series A Convertible Preferred on the fifth (5) anniversary of the Effective Date, from and after such date, (a) the cumulative dividends shall accrue and be paid (in the manner provided above) at the rate of 5.5% per annum and (b) the holders of the Series A Convertible Preferred shall at all times have the right to appoint an additional member to the Board of Directors.

For the avoidance of doubt, the distribution to March 2018 Noteholders will be in full satisfaction of all of the March 2018 Noteholders' claims.

For the further avoidance of doubt, in the event that additional EIC common equity is issued following the Effective Date that reduces the percentage of common equity held by the June 2018 Noteholders, the 7.5% Convertible Bondholders or the Convertible Noteholders, the percentage of common stock into which the Series A Convertible Preferred shall be converted or by which it can be redeemed shall be proportionately reduced.

Impaired – Entitled to Vote

*June 2018 Notes:*

On the Effective Date, all of the June 2018 Notes shall be canceled, and each June 2018 Noteholder shall receive, on account of its allowed claim in respect of such June 2018 Notes:

(i) such June 2018 Noteholder's pro rata share of the Series A Convertible Preferred Equity of reorganized EIC having

an aggregate liquidation preference of $41.4 million.

The Series A Convertible Preferred to be issued to the March 2018 Noteholders shall (i) pay dividends quarterly at a rate of 3.5% per annum in cash or additional Series A Preferred at the option of the Company, (ii) initially be convertible into 14.00% of the common equity of reorganized EIC at the holders' option within (5) years of the Effective Date, and thereafter if not mandatorily redeemed (in each case without regard to the then current stock price) and (iii) be mandatorily redeemable five (5) years after the Effective Date in cash for an amount equal to the aggregate liquidation preference plus the amount of any accrued and unpaid dividends. If the Company does not mandatorily redeem the Series A Convertible Preferred on the fifth (5) anniversary of the Effective Date, from and after such date, (a) the cumulative dividends shall accrue and be paid (in the manner provided above) at the rate of 5.5% per annum and (b) the holders of the Series A Convertible Preferred shall at all times have the right to appoint an additional member to the Board of Directors.

–and–

(ii) such June 2018 Noteholder's *pro rata* share of 2.74% of the common equity of reorganized EIC.

For the avoidance of doubt, the distribution to June 2018 Noteholders will be in full satisfaction of all of the June 2018 Noteholders' claims.

For the further avoidance of doubt, in the event that additional EIC common equity is issued following the Effective Date that reduces the percentage of common equity held by the June 2018 Noteholders, the 7.5% Convertible Bondholders or the Convertible Noteholders, the percentage of common stock into which the Series A Convertible Preferred shall be converted or by which it can be redeemed shall be proportionately reduced.

Impaired – Entitled to Vote

*7.5% Convertible Bonds:*

On the Effective Date, all of the 7.5% Convertible Bonds shall be canceled, and each 7.5% Convertible Bondholder shall receive, on account of its allowed claim in respect of such 7.5% Convertible Bonds, such 7.5% Convertible Bondholder's *pro rata* share of 8.72% of the common equity of reorganized EIC on a fully-diluted basis assuming full conversion of the Series A Convertible Preferred into common equity.

The 7.5% Convertible Bondholders shall also receive customary

minority stockholder protections as reasonably agreed to among the RSA Creditor Parties and the right to appoint one (1) director of reorganized EIC. All remaining directors of reorganized EIC will be appointed by the holders of Series A Convertible Preferred.

For the avoidance of doubt, the distribution to 7.5% Convertible Bondholders will be in full satisfaction of all of the 7.5% Convertible Bondholders' claims.

Impaired – Entitled to Vote

*Convertible Notes:*

On the Effective Date, all of the 5.5% Convertible Notes and the 6.5% Convertible Notes (collectively, the "Convertible Notes"; all holders of such Convertible Notes, the "Convertible Noteholders") shall be canceled.

Each holder of the Convertible Notes shall receive, on account of its allowed unsecured claim in respect of such Convertible Notes (each, a "Convertible Notes Claim"), its *pro rata* share of 8.24% of the common equity of reorganized EIC on a fully-diluted basis assuming full conversion of the Series A Convertible Preferred.

The holders of Convertible Notes Claims shall also receive customary minority stockholder protections as reasonably agreed to among the RSA Creditor Parties.

For the avoidance of doubt, the distribution to Convertible Noteholders will be in full satisfaction of all of the Convertible Noteholders' claims.

Impaired – Entitled to Vote

*General Unsecured Claims (excluding Convenience Claims):*

On the Effective Date, each holder of a general unsecured claim not otherwise specifically classified herein shall receive, on account of its allowed unsecured claim (each, a "General Unsecured Claim"), its *pro rata* share of a *de minimis* amount of the common equity of reorganized EIC or such other treatment as may be agreed upon. The aggregate amount of General Unsecured Claims shall not exceed $12,000,000.

Impaired – Entitled to Vote

*Convenience Claims:*

On account of their claims, the holders of all non-priority, general unsecured claims allowed in the amount of $[●] or less that are not otherwise classified herein (the "Convenience Claims") shall receive cash in the amount of their allowed Convenience Claims on the Effective Date.

Unimpaired – Deemed to Accept

*Intercompany Claims:*

All intercompany claims between and among EIC and its direct and indirect subsidiary Debtors shall be reinstated or compromised by EIC, as the case may be, consistent with its business plan; provided that each intercompany claim held by a non-debtor shall receive no less favorable treatment than other holders of general unsecured claims.

Impaired – Entitled to Vote

*Preferred Equity Interests:*

All existing shares of preferred equity interests in EIC shall be extinguished as of the Effective Date, and owners thereof shall receive no distribution on account of such equity interests.

Impaired – Deemed to Reject

*Equity Interests:*

All existing shares of stock, options, warrants and common equity interests in EIC shall be extinguished as of the Effective Date, and owners thereof shall receive no distribution on account of such stock, options, warrants and equity interests.

Impaired – Deemed to Reject

8

## Corporate Governance

*Shareholder Agreement and Other Corporate Organizational Documents:*

The 7.5% Convertible Bondholders and the Convertible Noteholders shall also receive customary minority stockholder protections as reasonably agreed to among the RSA Creditor Parties.  These minority protections do not represent a concession or agreement that the reorganized debtors will become or remain a private company for any substantial period of time, and the parties will continue to discuss in good faith to create and/or maintain shares registered with the Securities and Exchange Commission ("SEC") under the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended) on terms to be agreed, with an aspiration toward a public listing of such shares within a period of time to be agreed. The RSA Creditor Parties agree to discuss in the negotiations the following  minority stockholder protections:

(a) Information Rights.

(b) Tag-Along, Drag-Along, Preemptive and Registration Rights.

(c) Affiliate transaction protections.

(d) Independent Director requirement and the right of the holders of the common equity to participate in the selection thereof.

*Board of Directors of Reorganized EIC:*

The 7.5% Convertible Bondholders shall receive the right to appoint one (1) director of reorganized EIC, and all remaining directors of reorganized EIC will be appointed by the holders of Series A Convertible Preferred.

*Indemnification of Directors:*

The documents describing corporate governance shall provide for the indemnification of the reorganized Company's directors to the fullest extent permitted by law.

## General Provisions

*Allowance of Claims:*

The Debtors stipulate to the allowance of claims under (i) the March 2018 Notes Indenture in the principal amount of $404.0 million, plus interest, fees and charges provided for under the March 2018 Notes Indenture, (ii) the June 2018 Notes Indentures in the principal amount of $150.0 million, plus interest, fees and charges provided for under the June 2018

Notes Indenture, (iii) the 7.5% Convertible Bonds Trust Deed in the principal amount of $83.7 million, plus interest, fees and charges provided for under the 7.5% Convertible Bonds Trust Deed, (iv) the 5.5% Convertible Notes Indenture in the principal amount of $135.0 million, plus interest, fees and charges provided for under the 5.5% Convertible Notes Indenture and (v) the 6.5% Convertible Notes Indenture in the principal amount of $17.5 million, plus interest, fees and charges provided for under the 6.5% Convertible Notes Indenture.

*Merger or Liquidation:*

END Management Company and Endeavour Energy New Ventures Inc. shall be merged or liquidated into EOC, subject to confirming the tax implications of such merger or liquidation.

*Management Incentive Plan:*

To be decided by the board of directors of reorganized EIC and to be implemented after the Effective Date, a management incentive plan that provides some combination of cash, options, and/or other equity-based compensation to the management of the reorganized EIC of up to [●]% of the common equity of reorganized EIC, which shall dilute all of the equity otherwise contemplated to be issued by this Term Sheet.

*Tax Issues:*

The Company shall seek to implement the restructuring in a tax efficient manner.

*Reincorporation:*

EIC shall be reincorporated in Delaware.

**Release and Related Provisions**

*Exculpations:*

The Debtors and the RSA Creditor Parties and each of their respective current and former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents and other representatives (each solely in its capacity as such), shall be exculpated from liability for their actions in connection with these chapter 11 cases, with customary carve-outs for gross negligence and willful misconduct.

*Releases:*

The Debtors and the RSA Creditor Parties and each of their respective current and former officers and directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents and other representatives (each solely in its capacity as such), shall be released from liability for all claims or causes of action, known or unknown, relating to any prepetition date acts or omissions.

*Director and Officer Indemnification:*

Any obligations of the Debtors pursuant to their organizational documents to indemnify current and former officers, directors, agents, and/or employees (i) shall not be discharged or impaired by confirmation of the Plan and (ii) shall be deemed and treated

as executory contracts to be assumed by the Debtors under the Plan.

Director and officer insurance will continue in place for the directors and officers of all of the Debtors during these chapter 11 cases on existing terms. After the Effective Date, the reorganized Debtors shall not terminate or otherwise reduce the coverage under any director and officer insurance policies (including any "tail policy") then in effect. To the extent permitted under applicable law, current directors and officers are to receive first access to available insurance. Directors and officers shall be indemnified by reorganized EIC to the extent of such insurance.

*Discharge:* A full and complete discharge shall be provided in the Plan.

*Injunction:* Ordinary and customary injunction provisions shall be included in the Plan.

**Conditions**

*Closing Conditions:* This restructuring shall be subject to (i) the execution of definitive documentation mutually acceptable to the parties to the RSA, (ii) the entry of an order confirming the Plan, which order is not subject to a stay of execution, (iii) all actions, documents and agreements necessary to implement the Plan shall have been effected or executed and, to the extent required, filed with the applicable governmental units in accordance with applicable laws, and (iv) the Debtors shall have received all authorizations, consents, regulatory approvals, rulings, letters, no-action letters, opinions or documents that are determined by the Debtors or the RSA Creditor Parties to be necessary to implement the Plan and that are required by law, regulation or order.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
*In re:*                                    :        **Chapter 11**
:
**ENDEAVOUR OPERATING**                      :        **Case No. 14–** _____ (      )
**CORPORATION,**                             :
:
      **Debtor.**                              :
:
---------------------------------------------------------- x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THIRTY (30) LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the thirty (30) largest unsecured claims against the above-captioned debtor and certain of its debtor affiliates (collectively, the "***Debtors***"), all of which simultaneously have commenced chapter 11 cases in this Court. The list has been prepared on a consolidated basis from the unaudited books and records of the Debtors and reflects amounts current as of October 10, 2014.

The list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in section 101(31) of title 11 of the United States Code or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim or any document under which any claim arises at a later date.

WEIL:\95116783\3\43794.0003

| | *Name of creditor and complete mailing address, including zip code* | *Name and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim, and, if available, telephone and/or fax number and e-mail address of same* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[1]* | *Estimated amount of claim (if secured, also state value of security)* |
|---|---|---|---|---|---|
| 1 | Wells Fargo Bank, N.A. (as Indenture Trustee to the March 2018 Noteholders) 750 Saint Paul Place, Suite 1750 MAC: T9263-170 Dallas, TX 75201 | Reed Smith LLP Attn: Eric A. Shaffer, Esq. Reed Smith Centre 225 Fifth Avenue Pittsburgh, PA 15222 Tel: (412) 288-4202 Fax: (412) 288-3063 E-mail: eschaffer@reedsmith.com | March 2018 Notes | Unliquidated | $404,000,000 |
| 2 | Wilmington Trust, N.A. (as Indenture Trustee to the June 2018 Noteholders) Corporate Capital Markets 50 South Sixth Street Minneapolis, MN 55402 | Wilmington Trust, N.A. Corporate Capital Markets Attn: Endeavour International Corporation Administrator 50 South Sixth Street Minneapolis, MN 55402 Fax: (612) 217-5651 | June 2018 Notes | Unliquidated | $150,000,000 |
| 3 | Wilmington Savings Fund Society, FSB (as Indenture Trustee to the 5.5% Convertible Noteholders) 500 Delaware Avenue, 11th Floor Wilmington, DE 19801 | Wilmington Savings Fund Society, FSB Attn: Corporate Trust: Endeavour 5.5% Convertible Notes 500 Delaware Avenue, 11th Floor Wilmington, DE 19801 Fax: (302) 421-9137 | 5.5% Convertible Notes | Unliquidated | $135,000,000 |
| 4 | Apollo Capital Management, L.P. 9 West 57th Street #4100 New York, NY 10019 | Milbank, Tweed, Hadley & McCloy LLP Attn: Dennis F. Dunne, Esq. 1 Chase Manhattan Plaza New York, NY 10005 Tel: (212) 530-5770 Fax: (212) 822-5770 E-mail: ddunne@milbank.com | March 2018 Notes | Unliquidated | Undisclosed[2] |

---

[1] All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this list.

[2] The estimated claim amounts listed for the various indenture trustees on behalf of their respective noteholders are inclusive of all such "Undisclosed" claim amounts in this consolidated list of top 30 unsecured creditors.

WEIL:\95116783\3\43794.0003

| | | | | |
|---|---|---|---|---|
| 5 | Smedvig Asset Allocation<br>P.O. Box 900<br>N-4004 Stavanger<br>Norway | Ropes & Gray LLP<br>Attn:  Keith H. Wofford, Esq.<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Tel:  (212) 841-8816<br>Fax:  (212) 596-9090<br>E-mail:  keith.wofford@<br>ropesgray.com | 7.5%<br>Convertible<br>Bonds | Unliquidated | $83,746,069 |
| 6 | BNY Corporate Trustee Services<br>Limited (as Indenture Trustee to<br>the 7.5% Convertible<br>Bondholder)<br>One Canada Square<br>London E14 5AL<br>United Kingdom | BNY Corporate Trustee Services<br>Limited<br>Attn:  Trustee Administration<br>Services<br>One Canada Square<br>London E14 5AL<br>United Kingdom<br>Fax:  +44 207 964 2536 | 7.5%<br>Convertible<br>Bonds | Unliquidated | $83,746,069 |
| 7 | Avenue Capital Management II,<br>L.P.<br>399 Park Avenue, 6th Floor<br>New York, NY 10022 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel:  (212) 530-5770<br>Fax:  (212) 822-5770<br>E-mail:  ddunne@milbank.com | March 2018<br>Notes | Unliquidated | Undisclosed |
| 8 | Aristeia Capital, LLC<br>136 Madison Avenue, 3rd Floor<br>New York, NY 10016 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel:  (212) 530-5770<br>Fax:  (212) 822-5770<br>E-mail:  ddunne@milbank.com | March 2018<br>Notes | Unliquidated | Undisclosed |
| 9 | Phoenix Investment Adviser,<br>LLC<br>420 Lexington Avenue #2040<br>New York, NY 10170 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel:  (212) 530-5770<br>Fax:  (212) 822-5770<br>E-mail:  ddunne@milbank.com | June 2018<br>Notes | Unliquidated | Undisclosed |

WEIL:\95116783\3\43794.0003

| | | | | |
|---|---|---|---|---|
| 10 | Zazove Associates, LLC<br>1001 Tahoe Blvd.<br>Incline Village, NV 89451 | Brown Rudnick LLP<br>Attn: Robert J. Stark, Esq.<br>7 Times Square<br>New York, NY 10036<br>Tel:  (212) 209-4862<br>Fax: (212) 209-4801<br>E-mail:  rstark@brownrudnick.com | 5.5%<br>Convertible<br>Notes | Unliquidated | Undisclosed |
| 11 | AQR Capital Management, LLC<br>2 Greenwich Plaza, 3rd Floor<br>Greenwich, CT 06830 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail:  ddunne@milbank.com | March 2018<br>Notes | Unliquidated | Undisclosed |
| 12 | Talisman Group Investments,<br>LLC<br>324 Royal Palm Way, Suite 229<br>Palm Beach, FL 33480 | Brown Rudnick LLP<br>Attn:  Robert J. Stark, Esq.<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 209-4862<br>Fax: (212) 209-4801<br>E-mail:  rstark@brownrudnick.com | 5.5%<br>Convertible<br>Notes | Unliquidated | Undisclosed |
| 13 | AQR Capital Management, LLC<br>2 Greenwich Plaza, 3rd Floor<br>Greenwich, CT 06830 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail:  ddunne@milbank.com | June 2018<br>Notes | Unliquidated | Undisclosed |
| 14 | Aristeia Capital, LLC<br>136 Madison Avenue, 3rd Floor<br>New York, NY 10016 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn:  Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail:  ddunne@milbank.com | June 2018<br>Notes | Unliquidated | Undisclosed |

WEIL:\95116783\3\43794.0003

| 15 | Wolverine Asset Management, LLC<br>Attn: Adam Kaminsky<br>175 West Jackson Blvd. #200<br>Chicago, IL 60604 | Brown Rudnick LLP<br>Attn: Robert J. Stark, Esq.<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 209-4862<br>Fax: (212) 209-4801<br>E-mail: rstark@brownrudnick.com | 5.5% Convertible Notes | Unliquidated | Undisclosed |
| --- | --- | --- | --- | --- | --- |
| 16 | Wilmington Savings Fund Society, FSB (as Indenture Trustee to the 6.5% Convertible Noteholders)<br>500 Delaware Avenue, 11th Floor<br>Wilmington, DE 19801 | Wilmington Savings Fund Society, FSB<br>Attn: Corporate Trust: Endeavour 6.5% Convertible Notes<br>500 Delaware Avenue, 11th Floor<br>Wilmington, DE 19801<br>Fax: (302) 421-9137 | 6.5% Convertible Notes | Unliquidated | $17,500,000 |
| 17 | Beach Point Capital Management, L.P.<br>1620 26th Street #6000N<br>Santa Monica, CA 90404 | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail: ddunne@milbank.com | June 2018 Notes | Unliquidated | Undisclosed |
| 18 | Peritus I Asset Management, LLC<br>26 West Anapamu Street, 3rd Floor<br>Santa Barbara, CA 93101 | Peritus I Asset Management, LLC<br>Attn: Dave Flaherty<br>26 West Anapamu Street, 3rd Floor<br>Santa Barbara, CA 93101<br>Tel: (805) 882-1100<br>Fax: (805) 882-1122<br>E-mail: dflaherty@ peritusasset.com | March 2018 Notes | Unliquidated | Undisclosed |
| 19 | Columbia Management Investment Advisers, LLC<br>225 Franklin Street, 32nd Floor<br>Boston, MA 02110 | Columbia Management Investment Advisers, LLC<br>Attn: Leonard Aplet<br>225 Franklin Street, 32nd Floor<br>Boston, MA 02110<br>Tel: (800) 225-2365<br>Fax: (612) 317-3730<br>E-mail: leonard.aplet@ columbiamanagement.com | 5.5% Convertible Notes | Unliquidated | Undisclosed |

WEIL:\95116783\3\43794.0003

| | | | | |
|---|---|---|---|---|
| 20 | Allianz Global Investors U.S., LLC<br>Attn: James Dudnick<br>600 West Broadway, 29th Floor<br>San Diego, CA 92101 | Allianz Global Investors U.S., LLC<br>Attn: James Dudnick<br>600 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Tel: (619) 687-8000<br>Email: jim.dudnick@allianzgi.com | 5.5% Convertible Notes | Unliquidated | Undisclosed |
| 21 | Lonestar Capital Management, LLC<br>One Maritime Plaza #1105<br>San Francisco, CA 94111 | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail: ddunne@milbank.com | June 2018 Notes | Unliquidated | Undisclosed |
| 22 | Phoenix Investment Adviser, LLC<br>420 Lexington Avenue #2040<br>New York, NY 10170 | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail: ddunne@milbank.com | March 2018 Notes | Unliquidated | Undisclosed |
| 23 | Bruce & Company, Inc.<br>20 North Wacker Drive #2414<br>Chicago, IL 60606 | Bruce & Company, Inc.<br>Attn: Robert Bruce<br>20 North Wacker Drive #2414<br>Chicago, IL 60606<br>Tel: (312) 236-9160<br>Fax: (312) 263-9161<br>E-mail: jbruce@ameritech.net | 5.5% Convertible Notes | Unliquidated | Undisclosed |
| 24 | Third Avenue Management, LLC<br>622 Third Avenue, 32nd Floor<br>New York, NY 10017 | Third Avenue Management, LLC<br>Attn: Edwin Tai<br>622 Third Avenue, 32nd Floor<br>New York, NY 10017<br>Tel: (212) 906-1151<br>Fax: (212) 888-6757<br>E-mail: etai@thirdave.com | March 2018 Notes | Unliquidated | Undisclosed |
| 25 | Babson Capital Management LLC<br>Independence Wharf<br>470 Atlantic Avenue, 10th Floor<br>Boston, MA 02210 | Babson Capital Management LLC<br>Attn: Sean Feeley<br>Independence Wharf<br>470 Atlantic Avenue, 10th Floor<br>Boston, MA 02210<br>Tel: (413) 226-1655<br>Fax: (413) 226-2655<br>E-mail: sfeely@babsoncapital.com | March 2018 Notes | Unliquidated | Undisclosed |

WEIL:\95116783\3\43794.0003

| 26 | Venor Capital Management, L.P.<br>7 Times Square #3505<br>New York, NY 10036 | Milbank, Tweed, Hadley &<br>McCloy LLP<br>Attn: Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Tel: (212) 530-5770<br>Fax: (212) 822-5770<br>E-mail: ddunne@milbank.com | June 2018<br>Notes | Unliquidated | Undisclosed |
|---|---|---|---|---|---|
| 27 | Gladwyne Investments, LLP<br>29 St. James's Place<br>London SW1A 1NR<br>United Kingdom | Gladwyne Investments, LLP<br>Attn: Yann Vincent-Genod<br>29 St. James's Place<br>London SW1A 1NR<br>United Kingdom<br>Tel: +44 207 965 6010<br>Fax: +44 207 499 3036 | March 2018<br>Notes | Unliquidated | Undisclosed |
| 28 | State Street Global Advisors<br>One Lincoln Street, 27th Floor<br>Boston, MA 02111 | State Street Global Advisors<br>Attn: Patrick Bresnehan<br>One Lincoln Street, 27th Floor<br>Boston, MA 02111<br>Tel: (617) 786-3000<br>Fax: (617) 664-4449<br>E-mail: patrick_bresnehan@<br>ssga.com | March 2018<br>Notes | Unliquidated | Undisclosed |
| 29 | Whitebox Multi-Strategy<br>Partners, LP<br>Attn: Jake Mercer<br>3033 Excelsior Blvd., Suite 300<br>Minneapolis, MN 55416 | Brown Rudnick LLP<br>Attn: Robert J. Stark, Esq.<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 209-4862<br>Fax: (212) 209-4801<br>E-mail: rstark@brownrudnick.com | 6.5%<br>Convertible<br>Notes | Unliquidated | Undisclosed |
| 30 | SM Energy Company, *et al.*<br>1775 Sherman Street, Suite 1200<br>Denver, CO 80203 | Gibbs & Bruns LLP<br>Attn: Barrett H. Reasoner, Esq.<br>1100 Louisiana, Suite 5300<br>Houston, TX 77002<br>Tel: (713) 751-5244<br>Fax: (713) 750-0903 | SM Litigation | Unliquidated | $4,500,000 |

WEIL:\95116783\3\43794.0003

## DECLARATION UNDER PENALTY OF PERJURY

I, William L. Transier, am an authorized officer of Endeavour Operating Corporation, the debtor in this case (the *"Debtor"*) and, in such capacity, am familiar with the financial affairs of the Debtor.  I declare under penalty of perjury that the foregoing "Consolidated List of Creditors Holding Thirty (30) Largest Unsecured Claims" is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.


Dated:  October 10, 2014

By:    William L. Transier
Title:   Chief Executive Officer & President

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------- x
                                        :
In re:                                  :      Chapter 11
                                        :
ENDEAVOUR OPERATING                     :      Case No. 14– _____ (      )
CORPORATION,                            :
                                        :
          Debtor.                       :
                                        :
----------------------------------------------------- x
```

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Endeavour Operating Corporation (the "***Debtor***") respectfully represents that the following are corporations, other than governmental units, that directly or indirectly own 10% or more of any class of the Debtor's equity:

- Endeavour International Corporation

## DECLARATION UNDER PENALTY OF PERJURY

I, William L. Transier, am an authorized officer of Endeavour Operating Corporation, the debtor in this case (the "**Debtor**") and, in such capacity, am familiar with the financial affairs of the Debtor.  I declare under penalty of perjury that the foregoing "Corporate Ownership Statement Pursuant to Federal Rules of Bankruptcy Procedure 1007 and 7007.1" is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:  October 10, 2014

By:     William L. Transier
Title:   Chief Executive Officer & President

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :        Chapter 11
                                                        :
ENDEAVOUR OPERATING                                     :        Case No. 14– _____ (     )
CORPORATION,                                            :
                                                        :
          Debtor.                                       :
                                                        :
------------------------------------------------------- x
```

LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Endeavour International Corporation 811 Main Street, Suite 2100 Houston, TX 77002 | Common Stock | 100% |

WEIL:\95116783\3\43794.0003

## DECLARATION UNDER PENALTY OF PERJURY

I, William L. Transier, am an authorized officer of Endeavour Operating Corporation, the debtor in this case (the "**Debtor**") and, in such capacity, am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that the foregoing "List of Equity Security Holders Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure" is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:  October 10, 2014

By:     William L. Transier
Title:   Chief Executive Officer & President