**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ENDEAVOUR OPERATING CORPORATION, ET AL.,** | § | **Case No. 14- 12308 (KJC)** |
| | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**OBJECTION OF HARRIS COUNTY TO DEBOTRS' AMENDED JOINT PLAN**
**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**
**(Relates to Docket #304)**

**To the Honorable Kevin J. Carey,**
**United States Bankruptcy Judge:**

NOW COMES Harris County, secured creditor in the above-numbered and styled bankruptcy case, and files this objection to *Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan"). In support of its objection, Harris County would show the Court as follows:

1. Harris County is a political subdivision of the State of Texas.

2. Harris County holds a pre-petition claim in the approximate amount of $15,787.56 for property taxes owed on Debtors' personal property located in Harris County, Texas. The property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated, secured claims against the Debtors' property entitled to priority over other secured claims.

3. The laws of the State of Texas, Property Tax Code §32.05(b), give the tax liens superiority over the lien of any other claim or lien against the property. Harris County's claim is for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. Harris County's lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's

foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all property of the Debtors. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

4. Harris County objects to the treatment under the Plan for the reasons set forth below:

a. The Plan fails to provide for the retention of Harris County's pre- and post-petition liens on its collateral. The Plan should not be confirmed unless and until it specifically provides for Harris County's pre- and post-petition liens to remain on its collateral until the claim, including interest thereon, if applicable, is paid in full as required by 11 U.S.C. § 1129.

b. Should the Debtors opt to make quarterly payments on Harris County's claim for a period not to exceed five (5) years from the Petition Date, the Plan should provide for a provision of default. Harris County asserts that the following language should be included in any plan modification or in the order confirming the plan:

> In the event of any failure of the reorganized debtors to timely make its required plan payment to Harris County, or any failure to pay post-petition ad valorem property taxes owed to Harris County prior to delinquency, either of which shall constitute an event of default under the Plan as to Harris County, it shall send notice of such default to the reorganized debtors. If the default is not cured within twenty (20) days of the date of such notice, Harris County may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. Harris County is only required to send two (2) notices of default, and upon the third event of default, Harris County may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice.

**WHEREFORE, PREMISES CONSIDERED**, Harris County respectfully prays that this Court sustain its objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: January 27, 2015

Respectfully submitted,

**LINEBARGER GOGGAN**
**BLAIR & SAMPSON, LLP**

*/s/ John P. Dillman*
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Facsimile*

*Counsel for Harris County*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the *Objection of Harris County to Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* was served upon the following entities by either electronic court filing or by United States Mail, first class, postage prepaid on January 27, 2015:

Debtor
**Endeavour International Corporation**
811 Main Street, Suite 2100
Houston, TX 77002

Debtors' Counsel
**Mark D. Collins, Esq.**
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

**Gary T. Holtzer, Esq.**
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

United States Trustee
**Tiiara N. A. Patton, Esq.**
Dep't of Justice -Office of U.S. Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Official Committee of
Unsecured Creditors
**David M. Bennett, Esq.**
Thompson & Knight LLP
1722 Routh Street
Suite 1500
Dallas, TX 75201

*/s/ Tara L. Grundemeier*
Tara L. Grundemeier