# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| *In re:* | : | **Chapter 11** |
|  | : |  |
| **ENDEAVOUR OPERATING** | : | **Case No. 14–12308 (KJC)** |
| **CORPORATION, et al.,**[1] | : |  |
|  | : | **(Jointly Administered)** |
| **Debtors.** | : |  |
|  | : |  |

------------------------------------------------------------- x

## ORDER APPROVING (A) BID PROCEDURES, INCLUDING PROCEDURES FOR SELECTION OF STALKING HORSE PURCHASERS, (B) PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND RELATED NOTICES, (C) NOTICE OF AUCTION, STALKING HORSE HEARING AND SALE HEARING, AND (D) RELATED RELIEF

Upon the Motion, dated April 29, 2015 (the "***Motion***")[2] of Endeavour Operating

Corporation and its above-captioned debtor affiliates, as debtors and debtors in possession

(collectively, the "***Debtors***") for an order pursuant to sections 105, 363, and 365 of title 11 of the

United States Code (the "***Bankruptcy Code***"), Rules 2002, 6004, and 6006 of the Federal Rules

of Bankruptcy Practice and Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1 and 6004-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "***Local Rules***") (i) approving the bid procedures (the "***Bid***

***Procedures***," attached hereto as **Exhibit 1**) for the sale of substantially all of the Assets (as

defined in the Bid Procedures), including the procedures for selecting one or more Stalking

Horse Purchasers, (ii) approving the procedures for the assumption, assignment, and sale of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Endeavour Operating Corporation (6552); Endeavour International Corporation (8389); Endeavour Colorado Corporation (0067); END Management Company (7578); Endeavour Energy New Ventures Inc. (7563); Endeavour Energy Luxembourg S.à r.l. (2113). The Debtors' principal offices are located at 811 Main Street, Suite 2100, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

executory contracts and unexpired leases, including notice of proposed cure costs (the "***Assumption and Assignment Procedures***"), (iii) establishing a date for an auction (the "***Auction***") if the Debtors receive one or more timely and acceptable Qualified Bids, a hearing (the "***Stalking Horse Hearing***") to approve the Debtors' selection of one or more Stalking Horse Purchasers, if any, and the provision of bid protections to such Stalking Horse Purchasers (the "***Bid Protections***"), if any, and a final hearing (the "***Sale Hearing***") to approve the sale of the Assets (the "***Sale Transaction***"), (iv) approving the form and manner of notice of the Auction, Stalking Horse Hearing, Sale Hearing, and the Assumption and Assignment Procedures, and (v) granting related relief, and the Court having determined that notice of the Motion was adequate and sufficient; and all such parties having been afforded due process and an opportunity to be heard with respect to the Motion and all the relief requested therein; and the Court having reviewed and considered: (i) the Motion; (ii) the objections and responsive pleadings filed in connection with the Motion, if any; and (iii) the representations of counsel made, and the evidence proffered, at the hearing to approve the Motion (the "***Bid Procedures Hearing***"); and the Bid Procedures Hearing having been held, and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rules 2002-1 and 6004-1.

C.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The entry of this Order is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

D.    The notice of the Motion, the Bid Procedures Hearing, and the proposed entry of this Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bid Procedures Hearing, or this Order is necessary or required.

E.    All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

F.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bid Procedures for the sale of substantially all of the Assets, including the procedures for selecting one or more Stalking Horse Purchasers, (ii) approve the Assumption and Assignment Procedures, (iii) establish a date for the Auction, Stalking Horse Hearing, and Sale Hearing, (iv) approve the form and manner of notice of the Auction, Stalking Horse Hearing, Sale Hearing, and Assumption and Assignment Procedures, and (v) grant related relief. Such good and sufficient reasons were set forth in the Motion and on the record at the Bid Procedures Hearing, are incorporated by reference herein and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

3

G.      The proposed *Notice of Auction, Stalking Horse Hearing and Sale Hearing* (the "**Sale Notice**,") substantially in the form attached hereto as **Exhibit 2**, and the proposed *Notice of Assumption and Assignment* to be served on the Contract Notice Parties (as defined herein) (the "**Notice of Assumption and Assignment**,") substantially in the form attached hereto as **Exhibit 3**, are each calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption, assignment, and sale of the Debtors' executory contracts and unexpired leases (the "**365 Contracts**"), and will provide due and adequate notice of the relief sought in the Motion.

H.      The Debtors have demonstrated that the Bid Procedures are fair, reasonable, and appropriate and are designed to maximize the value of the Debtors' estates.

I.      The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      All objections to the relief requested in the Motion, if any, that have not been withdrawn, waived, or settled as announced to the Court at the Bid Procedures Hearing are denied and overruled in their entirety on the merits, with prejudice.

3.      The Bid Procedures are hereby approved in their entirety in the form attached hereto as **Exhibit 1**.  All actions of the Debtors as authorized herein may be taken by any officer

or director of the Debtors.  Notwithstanding the foregoing, the consummation of the Sale

Transaction shall remain subject to the entry of the Sale Order.

      4.      The Debtors may proceed with the Sale Transaction in accordance with the Bid

Procedures and are authorized to take any and all actions necessary or appropriate to implement

the Bid Procedures in accordance with the following timeline:

| Sale Timeline | |
|---|---|
| Deadline to Serve Sale Notice and Notice of Assumption and Assignment | **May 22, 2015** |
| Sale Notice Publication Deadline | **June 10, 2015** |
| Assumption and Assignment Objection Deadline | **June 10, 2015 at 4:00 p.m. (prevailing Eastern Time)** |
| Stalking Horse Bid Deadline | **June 22, 2015 at 5:00 p.m. (prevailing Eastern Time)** |
| Stalking Horse Designation Deadline | **July 8, 2015 at 5:00 p.m. (prevailing Eastern Time)** |
| Stalking Horse Objection Deadline | **July 14, 2015 at 4:00 p.m. (prevailing Eastern Time)** |
| Stalking Horse Reply Deadline | **July 17, 2015 at 4:00 p.m. (prevailing Eastern Time)** |
| Stalking Horse Hearing (if required) | **July 21, 2015 at 10:00 a.m. (prevailing Eastern Time)** |
| Stalking Horse Defect Notice Deadline | **August 3, 2015 at 5:00 p.m. (prevailing Eastern Time)** |
| Bid Deadline | **August 4, 2015 at 5:00 p.m. (prevailing Eastern Time)** |
| Deadline to Notify Qualified Bidders | **August 7, 2015 at 5:00 p.m. (prevailing Eastern Time)** |

| Sale Timeline | |
|---|---|
| Auction (if required) | **August 11, 2015 at 9:30 a.m. (prevailing Central Time)** |
| Deadline to Publish Auction Results | **August 14, 2015** |
| Sale Objection Deadline | **August 18, 2015 at 4:00 p.m. (prevailing Eastern Time)** |
| Sale Reply Deadline | **August 24, 2015 at 4:00 p.m. (prevailing Eastern Time)** |
| Sale Hearing | **August 26, 2015 at 10:00 a.m. (prevailing Eastern Time)** |

5.      The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates, their creditors and other parties in interest.  Any disputes as to the selection of a Qualified Bid, Initial Highest Bid and Successful Bid (all as defined in the Bid Procedures) shall be resolved by this Court.

6.      The Debtors are authorized to conduct the Auction in the event they receive one or more timely and acceptable Qualified Bids.

7.      Subject to further Court approval, the Debtors are authorized to enter into one or more Stalking Horse Agreements and to provide Bid Protections to such Stalking Horse Purchasers, including any potential break-up fee agreed to by the Debtors and any Stalking Horse Purchaser.  Any and all Potential Bidders interested in becoming a Stalking Horse Purchaser must submit a Qualified Bid by **June 22, 2015 at 5:00 p.m. (prevailing Eastern Time)**.

8.      The Debtors must designate all Stalking Horse Purchasers by **July 8, 2015 at 5:00 p.m. (prevailing Eastern Time)**.  In the event that the Debtors designate one or more Stalking

Horse Purchasers, the Court shall conduct a hearing on **July 21, 2015 at 10:00 a.m. (prevailing Eastern Time)** (the "*Stalking Horse Hearing*") to consider the approval of any such Stalking Horse Purchasers, Stalking Horse Agreements, and accompanying Bid Protections, if any, on an expedited basis. Any and all objections to any Stalking Horse Purchaser, Stalking Horse Agreement, or related Bid Protections must be filed by **July 14, 2015 at 4:00 p.m. (prevailing Eastern Time)** and served on (i) the Office of the United States Trustee for the District of Delaware (Attn: Tiiara N. A. Patton); (ii) the Debtors, c/o Endeavour Operating Corporation, 811 Main Street, Suite 2100, Houston, TX 77002 (Attn: Catherine Stubbs and David Baggett); (iii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Stephen A. Youngman, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Zachary I. Shapiro, Esq.); (iv) counsel to the Ad Hoc Group of EEUK Term Loan Lenders, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Michael Stamer, Esq. and Meredith Lahaie, Esq.); (v) counsel to the Committee, Thompson & Knight LLP, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201 (Attn: David M. Bennett, Esq. and Cassandra Sepanik Shoemaker, Esq.) and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19801 (Attn: Neil B. Glassman, Esq., Scott D. Cousins, Esq., and Evan T. Miller, Esq.); (vi) counsel to the Ad Hoc Group of Prepetition Priority Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Matthew S. Barr, Esq. and Michael E. Comerford, Esq.); (vii) counsel to certain of the holders of the 5.5% Convertible Senior Notes due 2016 and the 6.5% Convertible Senior Notes due 2016, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq.); (viii) counsel to the

holder of the 7.5% Guaranteed Convertible Bonds due 2016, Ropes & Gray LLP, 1211 Avenue

of the Americas, New York, NY 10036 (Attn: Keith H. Wofford, Esq.); and (ix) if applicable,

any Stalking Horse Purchaser or Successful Bidder selected by the Debtors (collectively, the

"*Objection Recipients*"). The Debtors must file replies, if any, to such objections by **July 17,**

**2015 at 4:00 p.m. (prevailing Eastern Time)**.

9.      Upon the selection of one or more Stalking Horse Purchasers, the Debtors shall

file and serve a notice on the Notice Parties (as defined in the Motion) that includes: (i) the

identity of each proposed Stalking Horse Purchaser selected, (ii) a summary of the key terms of

each Stalking Horse Agreement, (iii) a summary of the type and amount of Bid Protections, if

any, being offered to each proposed Stalking Horse Purchaser, (iv) a summary of any necessary

modifications or amendments to the Bid Procedures, and (v) a copy of each Stalking Horse

Agreement.

10.     The form of Sale Notice attached hereto as **Exhibit 2** is hereby approved.

11.     Within two (2) business days after the Court enters this Order, the Debtors (or

their agents) shall serve the Sale Notice by first class United States mail on (i) the Office of the

United States Trustee for the District of Delaware (Attn: Tiiara N. A. Patton); (ii) the Debtors,

c/o Endeavour Operating Corporation, 811 Main Street, Suite 2100, Houston, TX 77002 (Attn:

Catherine Stubbs and David Baggett); (iii) counsel to the Debtors, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Stephen A.

Youngman, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King

Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Zachary I. Shapiro, Esq.);

(iv) counsel to the Ad Hoc Group of EEUK Term Loan Lenders, Akin Gump Strauss Hauer &

Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Michael

Stamer, Esq. and Meredith Lahaie, Esq.); (v) counsel to the Committee, Thompson & Knight LLP, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, TX 75201 (Attn: David M. Bennett, Esq. and Cassandra Sepanik Shoemaker, Esq.) and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19801 (Attn: Neil B. Glassman, Esq., Scott D. Cousins, Esq., and Evan T. Miller, Esq.); (vi) counsel to the Ad Hoc Group of Prepetition Priority Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Matthew S. Barr, Esq. and Michael E. Comerford, Esq.); (vii) counsel to certain of the holders of the 5.5% Convertible Senior Notes due 2016 and the 6.5% Convertible Senior Notes due 2016, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq.); (viii) counsel to the holder of the 7.5% Guaranteed Convertible Bonds due 2016, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Keith H. Wofford, Esq.); (ix) if applicable, any Stalking Horse Purchaser selected by the Debtors; (x) all Persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Assets during the past six (6) months; (xi) all entities known by the Debtors to have asserted any lien, claim, encumbrance, or other interest in the Assets (for whom identifying information and addresses are available to the Debtors); (xii) all non-Debtor parties to the 365 Contracts (for whom identifying information and addresses are available to the Debtors); (xiii) any Governmental Authority (as defined in the Asset Purchase Agreement) known to have a claim in the bankruptcy cases; (xiv) National Association of Attorneys General, 2030 M Street NW, 8th Floor, Washington, DC 20036 (Attn: Karen Cordry, Esq.); (xv) the Office of the Attorney General in each state in which the Debtors operate; (xvi) the Office of the Delaware Secretary of State; (xvii) the Delaware State Treasury; (xviii) the Securities and Exchange Commission; (xix) the Internal Revenue Service; (xx) all parties who have requested notice in

these chapter 11 cases pursuant to Bankruptcy Rule 2002; (xxi) all of the Debtors' known

creditors (for whom identifying information and addresses are available to the Debtors); and

(xxii) all other Persons as directed by the Court (for whom identifying information and addresses

are available to the Debtors) (collectively, the "*Sale Notice Parties*").

12.    By **June 10, 2015**, the Debtors (or their agents) shall cause a summary version of

the Sale Notice to be published (i) in *The Wall Street Journal, Houston Chronicle, The Denver*

*Post*, and, in the Debtors' discretion, certain local or trade publications and (ii) on the website of

the Debtors' court approved claims agent, Kurtzman Carson Consultants LLC ("*KCC*") at

www.kccllc.net/endeavour.

13.    Service of the Sale Notice as approved and set forth herein shall be deemed

proper, due, timely, good, and sufficient notice of, among other things, the entry of this Order,

the Bid Procedures, the Auction, the Stalking Horse Hearing, the Sale Hearing, the Objection

Deadlines, and the proposed Sale Transaction, including the transfer of the Debtors' right, title

and interest in, to and under the Debtors' Assets free and clear of any and all liens,[3] claims,

encumbrances, and other interests, and no other or further notice is necessary.

14.    The form of Notice of Assumption and Assignment attached hereto as **Exhibit 3**

is approved. In combination with the Sale Notice, the Notice of Assumption and Assignment

(i) contains the type of information required under Bankruptcy Rule 2002 and Local Bankruptcy

Rule 2002-1 that is currently known to the Debtors and (ii) is reasonably calculated to provide

due, adequate and timely notice to all counterparties of (a) the potential assumption and

assignment of the 365 Contracts and rights thereunder, (b) the maximum amount and manner

offered to satisfy the Cure Costs, and (c) the deadline to file objections to such assumption and

---

[3] As used herein, the term "liens" shall include, without limitation, "Liens" as defined in the Asset Purchase Agreement.

assignment, applicable Cure Costs, the existence of any defaults, and/or adequate assurance of future performance.

15.     Within two (2) business days after the Court enters this Order, the Debtors shall file the Notice of Assumption and Assignment with the Court and serve on all counterparties to any of the Debtors' executory contracts and unexpired leases and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "*Contract Notice Parties*").  Service of such Notice of Assumption and Assignment as approved and set forth herein shall be deemed proper, due, timely, good, and sufficient notice of, among other things, the proposed assumption and assignment of the 365 Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

16.     If at any time after the entry of this Order, the Debtors identify additional prepetition executory contracts or unexpired leases to be assumed and assigned to the Successful Bidder(s), the Debtors shall serve a supplemental notice of assumption and assignment (the "*Supplemental Assumption and Assignment Notice*") by facsimile, electronic transmission, hand delivery or overnight mail on the counterparty (and its attorney, if known) to each supplemental 365 Contract at the last known address available to the Debtors by no later than ten (10) days before the proposed effective date of assignment.

17.     Any counterparty to any 365 Contract must file any objection to (i) the proposed assumption, assignment and sale of the applicable 365 Contract (and must state in its objection, with specificity, the legal and factual basis thereof) and (ii) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof)  no later than **June 10, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "*Assumption and Assignment Objection Deadline*" and,

together with the Sale Objection Deadline (as defined herein), the *"Objection Deadlines"*) and must serve the objection on the Objection Recipients.

18.    Any counterparty to any supplemental 365 Contract must file any objection to (i) the proposed assumption, assignment and sale of the applicable supplemental 365 Contract (and must state in its objection, with specificity, the legal and factual basis thereof) and (ii) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof)  no later than seven (7) days after the date of service of such Supplemental Notice of Assumption and Assignment.  The Debtors will serve each supplemental 365 Contract counterparty with the Supplemental Notice of Assumption and Assignment by FedEx.

19.    If a counterparty to a 365 Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs set forth in the Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Sale Hearing.  All other objections to the proposed assumption and assignment of the Debtors' right, title and interest in, to and under the 365 Contracts shall be heard at the Sale Hearing, with the exception of any objection made by any counterparty to any supplemental 365 Contract that does not receive a Supplemental Notice of Assumption and Assignment within seven (7) days before the Sale Hearing.  The Debtor may request a separate hearing date for the resolution of any such objections.

20.    If no objection is timely filed and served, the counterparty to a 365 Contract shall be deemed to have consented to the assumption, assignment and sale of the 365 Contract to the Successful Bidder(s) if such 365 Contract is designated by the Successful Bidder(s) as a Desired

365 Contract and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by the Successful Bidder(s). The counterparty shall also be deemed to have waived any affirmative defenses to the fullest extent permitted by law (including any right to recoupment and any right to setoff not exercised prior to the Debtors' chapter 11 filings). Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Sale Hearing and shall be resolved at the Sale Hearing. The Cure Costs set forth in the Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment, if any, shall be controlling, notwithstanding anything to the contrary in any 365 Contract, or any other document, and the counterparty to the 365 Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such 365 Contract against the Debtors or the Successful Bidder(s), or the property of any of them.

21.    Any counterparty to a 365 Contract that wishes to receive fax or e-mail notice of the identity of the Successful Bidder must provide its fax number or e-mail address to counsel for the Debtors, Weil, Gotshal & Manges LLP (Attn: Jessica Liou, Esq. and Debra McElligott, Esq.), Email: Jessica.Liou@weil.com and Debra.McElligott@weil.com; Fax: (212) 310-8007.

22.    Any and all objections, if any, to any Sale Transaction, including objections to the Auction and the selection of any Successful Bidder(s), must be filed by **August 18, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "*Sale Objection Deadline*") and be served on the Objection Recipients. The Debtors must file replies, if any, to such objections by **August 24, 2015 at 4:00 p.m. (prevailing Eastern Time)**.

13

23.     Any party failing to timely file an objection to any Sale Transaction may be forever barred from objecting and may be deemed to have consented to any Sale Transaction, including the transfer of the Debtors' right, title, and interest in, to and under the Debtors' Assets free and clear of any and all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction.

24.     If any party asserts that any property or right cannot be transferred, sold, assumed, and/or assigned free and clear of all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction and sections 363 and/or 365 of the Bankruptcy Code on account of one or more alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, tag-along rights, or similar rights, then such party shall file and serve a notice with all supporting documentation (a "*Rights Notice*") so that the Rights Notice is actually received by the Objection Recipients on or before the Sale Objection Deadline.  Each Rights Notice must identify the properties or rights that are subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right.  The assertion of a Rights Notice shall not require an exercise of the underlying right asserted and any such right asserted shall be subject to the terms and conditions of a definitive agreement for a Sale Transaction.

25.     Any party failing to timely file and serve a Rights Notice shall be (i) forever barred from objecting to the transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under the properties of the Debtors to be sold, assumed and/or assigned pursuant to a definitive agreement for a Sale Transaction, and from asserting any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of

first refusal, rights of first offer, tag-along rights, or similar rights with respect to the Debtors' transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under such properties, as set forth in a definitive agreement for a Sale Transaction and (ii) deemed to consent to and approve of the transfer, sale, assumption, and/or assignment of such right, title and interest in, to and under such properties, free and clear of all liens, claims, encumbrances, and other interests in accordance with a definitive agreement for a Sale Transaction (regardless of whether such consent must be in writing).

26.    If a party timely files and serves a Rights Notice, but the objection is not resolved at or before the closing of the Sale Transaction, the Assets to which that party has alleged a right may, at the option of the Successful Bidder(s), be excluded from the Assets to be acquired under the definitive agreement for a Sale Transaction, and the purchase price shall be reduced in accordance therewith.

27.    Any party desiring to submit a bid for the Debtors' right, title and interest in, to and under any of the Assets must comply with the Bid Procedures. Only representatives of the Debtors, makers of Qualified Bids, and advisors for the Ad Hoc Group of Prepetition Priority Noteholders, the Ad Hoc Group of EEUK Term Loan Lenders, and the Committee shall be entitled to be present at the Auction. Any and all other creditors interested in attending the Auction must provide the Debtors with notice of their intent to attend the Auction no later than ten (10) days before the Auction by sending a fax or e-mail to counsel for the Debtors, Weil, Gotshal & Manges LLP (Attn: Jessica Liou, Esq. and Debra McElligott, Esq.), Email: Jessica.Liou@weil.com and Debra.McElligott@weil.com; Fax: (212) 310-8007. The Debtors may object to and request a hearing regarding the attendance of any particular creditor at the Auction.

15

28.     To the extent that one or more timely and acceptable Qualified Bids are received, the Debtors shall conduct an auction on **August 11, 2015 at 9:30 a.m. (prevailing Central Time)** at the offices of Opportune LLP, 711 Louisiana Street, Suite 3100, Houston, Texas 77002. The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than substantially all, of the Debtors' Assets if the Debtors determine in their business judgment that such process would be in the best interests of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction. If the Auction is cancelled or if the date, time, or place of the Auction is changed, the Debtors shall file a notice with the Court regarding such cancellation or modification and shall publish the notice on the website of the Debtors' court approved claims agent, KCC, at www.kccllc.net/endeavour.

29.     The Auction shall be transcribed or videotaped.

30.     The Debtors may, in consultation with the Ad Hoc Group of Prepetition Priority Noteholders, the Ad Hoc Group of EEUK Term Loan Lenders, and the Committee, make alterations to these Bid Procedures and/or terminate discussions with any and all prospective acquirers at any time and without specifying the reasons therefor, but only to the extent not materially inconsistent with the Bid Procedures, but including changes so as to modify deposit amounts and to modify or eliminate the requirements with respect to Back-Up Bidders.

31.     On or before **August 14, 2015**, the Debtors shall cause the results of the Auction, including a copy of the Successful Bid(s), the identity of the Successful Bidders, and each Successful Bidder's proposed form of adequate assurance of future performance, to be filed with the court and published on the website of the Debtors' court approved claims agent, KCC, at www.kccllc.net/endeavour.

32.     The Sale Hearing shall be held on **August 26, 2015 at 10:00 a.m. (prevailing Eastern Time)** in the courtroom of the Honorable Kevin J. Carey, 824 North Market Street, Wilmington, DE 19801, Courtroom 5.

33.     Copies of the Asset Purchase Agreement and Bid Procedures may be downloaded at http://www/kccllc.net/endeavour or obtained upon receipt of a written request to Endeavour Claims Processing, c/o Kurtzman Carson Consultants LLC, Attn: Michael J. Hill, 2335 Alaska Avenue, El Segundo, CA 90245, Tel: (866) 967-0263, E-mail: endeavourinfo@kccllc.com.

34.     Notwithstanding Bankruptcy Rules 6004, 6006 or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

35.     The terms of this Order shall control to the extent of any conflict with the Motion.

36.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated:    __May 20__ , 2015
          Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE