# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x
                                                 :
In re:                                           :     Chapter 11
                                                 :
ENDEAVOUR OPERATING                              :     Case No. 14–12308 (KJC)
CORPORATION, et al.,[1]                          :
                                                 :     (Jointly Administered)
          Debtors.                               :
                                                 :
------------------------------------------------ x     Re: D.I. 808
```

### ORDER APPROVING (I) FORM
### OF ORDER PURSUANT TO SECTIONS
### 105(a), 305(a) AND 1112(b) OF THE BANKRUPTCY
### CODE AND BANKRUPTCY RULE 1017 AUTHORIZING
### DISMISSAL OF THE DEBTORS' CASES AND (II) PROCEDURES
### FOR SUBMISSION OF SUCH ORDER UNDER CERTIFICATION OF COUNSEL

Upon the Motion, dated August 3, 2015 (the "**Motion**"),[2] of Endeavour Operating

Corporation ("**EOC**") and its above-captioned debtor affiliates, as debtors and debtors in

possession (collectively, the "**Debtors**"), for an order pursuant to sections 105(a), 305(a) and

1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017(a) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking approval of a form of

order (the "**Dismissal Order**") dismissing the Debtors' chapter 11 cases under certification of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Endeavour Operating Corporation (6552); Endeavour International Corporation (8389); Endeavour Colorado Corporation (0067); END Management Company (7578); Endeavour Energy New Ventures Inc. (7563); Endeavour Energy Luxembourg S.à r.l. (2113). The Debtors' principal offices are located at 811 Main Street, Suite 2100, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of the Debtors for Entry of (I) an Interim and Final Order Pursuant to Sections 105(a) and 363(b), (f), (k) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019 Approving the Credit Bid Asset Purchase Agreement Among the Debtors, First Priority Notes Collateral Agent, and the Credit Bid Noteholders, the Settlement Agreement Between and Among the Debtors, First Priority Noteholders, and Ad Hoc Group of EEUK Term Loan Lenders, Release of Any Claims Against EEUK Term Loan Lenders, and Modification of Debtors' Services Agreements and (II) an Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9024 Approving Modification of the Adequate Protection Order* (D.I. 807) (the "**Credit Bid Sale Order**").

counsel, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors, c/o Endeavour Operating Corporation, 811 Main Street, Suite 2100, Houston, TX 77002 (Attn: Catherine Stubbs and David Baggett); (iii) counsel to the Debtors, Weil, Gotshal & Manges LLP,  767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Stephen A. Youngman, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Zachary I. Shapiro, Esq.); (iv) counsel to the Ad Hoc Group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Michael Stamer, Esq. and Meredith Lahaie, Esq.); (v) counsel to the Committee, Thompson & Knight LLP, One Arts Plaza, 1722 Routh Street, Suite 1300, Dallas, TX 75201 (Attn: David M. Bennett, Esq. and Cassandra Sepanik Shoemaker, Esq.) and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19801 (Attn: Neil B. Glassman, Esq., Scott D. Cousins, Esq., and Evan T. Miller, Esq.); (vi) counsel to the Ad Hoc Group of Prepetition Priority Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq. and Michael E. Comerford, Esq.); (vii) counsel to certain of the holders of the 5.5% Convertible Senior Notes due 2016 and the 6.5% Convertible Senior Notes due 2016, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq.); (viii) counsel to the holder of the 7.5% Guaranteed Convertible Bonds due 2016, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY

2

10036 (Attn: Keith H. Wofford, Esq.); (ix) any Governmental Body (as defined in the Credit Bid

APA) known to have a claim in the bankruptcy cases; (x) National Association of Attorneys

General, 2030 M Street NW, 8th Floor, Washington, DC 20036 (Attn: Karen Cordry, Esq.);

(xi) the Office of the Attorney General in each state in which the Debtors operate; (xii) the

Office of the Delaware Secretary of State; (xiii) the Delaware State Treasury; (xiv) the Securities

and Exchange Commission; (xv) the Internal Revenue Service; (xvi) all parties who have

requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (xvii) all of the

Debtors' known creditors; and (xviii) all other persons as directed by the Court (for whom

identifying information and addresses are available to the Debtors); and it appearing that no other

or further notice need be provided; and a hearing having been held to consider the relief

requested in the Motion (the "*Hearing*"); and due and proper notice of the Hearing having been

provided; and the appearances of all interested parties having been noted in the record of the

Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and

the Court having reviewed and considered: (i) the Motion, (ii) the *Omnibus Protective Objection*

*of Wilmington Trust, National Association, in its Capacity as Indenture Trustee, to the (A) Credit*

*Bid and Settlement Motion and (B) Motion to Dismiss; and Reservation of Rights* (D.I. 905),

(iii) the *Objection of the Official Committee of Unsecured Creditors to (A) the Motion of the*

*Debtors for Entry of (I) an Interim and Final Order Approving the Credit Bid Asset Purchase*

*Agreement, the Settlement Agreement, and Modification of Debtors' Services Agreements and*

*(II) an Order Approving Modification of the Adequate Protection Order and (B) Motion for*

*Entry of an Order Authorizing Dismissal of the Debtors' Cases under Certification of Counsel*

(D.I. 911), (iv) the *Debtors' Omnibus Reply to Objections and Responses to the Debtors' (I)*

*Credit Bid Motion (II) Dismissal Motion, and (III) Remaining Assets Liquidation Motion* (D.I.

921), (v) the revised form of proposed Order, and (vi) the representations of counsel made, and the evidence proffered, at the Hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      The Motion is granted to the extent set forth herein.

2.      That certain letter agreement among the Debtors and the Committee, dated as of October 16, 2015 (the "*Letter Agreement*"), a copy of which is attached as **Exhibit 1** hereto, is hereby approved in its entirety.

3.      Pursuant to the terms of the Letter Agreement, subject to the terms of the Credit Bid APA (as amended), the Settlement Agreement (as amended), the Modification Order (as amended), the Credit Bid Sale Order (as amended), and subject to the occurrence of the Closing, EOC is authorized to make *pro rata* distributions totaling $3.2 million in cash (the "*Settlement Payment*") in full and final satisfaction of certain allowed unsecured claims, including (i) to Kurtzman Carson Consultants LLC, in the aggregate amount of $53,659.40 for distribution to holders of liquidated, undisputed, non-contingent general unsecured claims against EOC, other than debt claims, (the "*EOC General Unsecured Claims*") who hold claims as reflected on **Exhibit 2** attached hereto; (ii) to holders of guarantee claims against the Debtors on account of the $135.0 million in aggregate principal amount of 5.5% convertible notes due 2016 (the "*5.5% Convertible Notes*") in the aggregate amount of $1,362,508.66; (iii) to holders of guarantee claims against the Debtors on account of the $17.5 million in aggregate principal amount of 6.5% convertible notes due 2017 (the "*6.5% Convertible Notes*" and together with the

5.5% Convertible Notes, the "*Convertible Notes*") in the aggregate amount of $178,449.82; and

(iv) to Wilmington Trust, National Association, in its capacity as indenture trustee ("*Wilmington Trust*"), for distribution to holders (the "*June 2018 Noteholders*") of the $150.0 million in aggregate principal amount of 12% notes due June 2018 (the "*June 2018 Notes*") in accordance with and as provided under the terms and provisions of the June 2018 Notes indenture on account of such June 2018 Noteholders' allowed unsecured deficiency claims against the Debtors in the aggregate amount of $1,605,382.11; *provided, however,* that the Settlement Payment shall not be used to satisfy (a) unsecured deficiency claims asserted by holders of the $404.0 million in aggregate principal amount of 12% notes due March 2018 against the Debtors; (b) any administrative expense claims asserted against any of the Debtors; or (c) the claim against the Debtors on account of the $83.9 million in aggregate principal amount of unsecured 7.5% convertible bonds issued by Endeavour Energy Luxembourg S.à r.l. due January 24, 2016. Other than as set forth in this Order and paragraph 24 and paragraph 29 of the Credit Bid Sale Order, no distributions shall be made to unsecured creditors in the Debtors' chapter 11 cases. The Settlement Payment distributions hereunder shall not be subject to defeasance, offsets, counterclaims, subordination, turnover, reduction or recharacterization, whether arising under intercreditor agreements or otherwise.

    4. Within five (5) business days after the Closing, the Debtors will distribute the *pro rata* portions of the Settlement Payment (i) to Wilmington Trust, as trustee on behalf of the June 2018 Noteholders, on account of the June 2018 Noteholders unsecured deficiency claims to be distributed in accordance with the terms of the June 2018 Notes indenture; (ii) to Wilmington Savings Fund Society, FSB, as trustee on behalf of the holders of Convertible Notes,

on account of such holders' Convertible Notes guarantee claims; and (iii) to Kurtzman Carson Consultants LLC for distribution to holders of allowed EOC General Unsecured Claims.

5.      As soon as reasonably practicable after the Closing, but prior to the entry of the Dismissal Order, the reasonable fees, expenses and costs of Wilmington Trust and its professionals shall be paid and satisfied.

6.      All formal and informal objections and responses to the relief requested in the Motion or the entry of this Order, that have not been withdrawn, waived, or settled as announced to the Court at the Hearing are denied and overruled in their entirety on the merits, with prejudice.

7.      The form of Dismissal Order is hereby approved in its entirety in the form attached hereto as **Exhibit 3**.  Notwithstanding the foregoing, the dismissal of the Debtors' chapter 11 cases shall remain subject to this Court's entry of the Dismissal Order after the submission of such form of Dismissal Order by the Debtors under Certification of Counsel.

8.      The Debtors are authorized to submit to the Court under Certification of Counsel the approved form of Dismissal Order for one of more of the Debtors' chapter 11 cases at a time.

9.      In the event the Credit Bid APA is approved by the Court, then the Debtors shall not submit the approved form of Dismissal Order with respect to Endeavour Energy Luxembourg S.à r.l.'s chapter 11 case prior to the dismissal of the other Debtors' chapter 11 cases without the prior consent of the Credit Bid Noteholders and the Ad Hoc Group.  For the avoidance of doubt, consent of the Credit Bid Noteholders and the Ad Hoc Group will not be required if the Debtors are seeking dismissal of Endeavour Energy Luxembourg S.à.r.l.'s chapter 11 case along with or following the dismissal of the chapter 11 cases of all the other Debtors.

6

10.     In the event the Credit Bid APA is approved by the Court, then the Debtors shall submit for entry the form of Dismissal Order only after the earlier of (i) the Closing of the Credit Bid APA and (ii) the termination of the Credit Bid APA, consistent with section 9.8 of the Credit Bid APA.

11.     Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, the Debtors may file the Dismissal Order under Certification of Counsel, substantially in the form attached hereto as **Exhibit 4**, which certifies that all applicable preconditions to dismissal have been completed and all known, undisputed, and valid ordinary course administrative expenses of the applicable Debtor have been paid, resolved, or otherwise settled.

12.     Immediately prior to, upon, or after dismissal of the chapter 11 cases, each Debtor is authorized and empowered to take all reasonably necessary steps to dissolve under applicable law, including taking such actions, executing such documents, and expending such funds as may be reasonably necessary to carry out or otherwise effectuate the terms of the Final Sale Order.  Endeavour International Corporation ("*EIC*") is authorized, empowered, and directed to take all necessary actions to dissolve under applicable law, including the laws of the State of Nevada, its state of incorporation, without stockholder approval.  The Chief Restructuring Officer, Chief Financial Officer and any other appropriate officer of EIC are authorized to execute and file all necessary documents and take all such actions as may be necessary or appropriate to effectuate the dissolution of EIC under applicable law.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7

14.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in these chapter 11 cases.

Dated:  Oct 16 , 2015
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

8