IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
*In re:*                                            :    Chapter 11
:
ENDEAVOUR OPERATING                                 :    Case No. 14–12308 (KJC)
CORPORATION, *et al.*,[1]                           :
:    (Jointly Administered)
Debtors.                                            :
:
:    Re: D.I. 808, 987, & 1083
------------------------------------------------------------ x

ORDER PURSUANT TO SECTIONS 105(a), 305(a)
AND 1112(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 1017 AUTHORIZING DISMISSAL OF THE DEBTORS' CASES

Upon the Motion, dated August 3, 2015 (the "*Motion*"),[2] of Endeavour Operating Corporation and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"), for an order pursuant to sections 105(a), 305(a) and 1112(b) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") seeking dismissal of the Debtors' chapter 11 cases, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors, c/o Endeavour

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Endeavour Operating Corporation (6552); Endeavour International Corporation (8389); Endeavour Colorado Corporation (0067); END Management Company (7578); Endeavour Energy New Ventures Inc. (7563); Endeavour Energy Luxembourg S.à r.l. (2113). The Debtors' principal offices are located at 811 Main Street, Suite 2100, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Operating Corporation, 811 Main Street, Suite 2100, Houston, TX 77002 (Attn: Catherine Stubbs and David Baggett); (iii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Stephen A. Youngman, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. and Zachary I. Shapiro, Esq.); (iv) counsel to the Ad Hoc Group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Michael Stamer, Esq. and Meredith Lahaie, Esq.); (v) counsel to the Committee, Thompson & Knight LLP, One Arts Plaza, 1722 Routh Street, Suite 1300, Dallas, TX 75201 (Attn: David M. Bennett, Esq. and Cassandra Sepanik Shoemaker, Esq.) and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19801 (Attn: Neil B. Glassman, Esq., Scott D. Cousins, Esq., and Evan T. Miller, Esq.); (vi) counsel to the Ad Hoc Group of Prepetition Priority Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq. and Michael E. Comerford, Esq.); (vii) counsel to certain of the holders of the 5.5% Convertible Senior Notes due 2016 and the 6.5% Convertible Senior Notes due 2016, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq.); (viii) counsel to the holder of the 7.5% Guaranteed Convertible Bonds due 2016, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Keith H. Wofford, Esq.); (ix) any Governmental Body (as defined in the Credit Bid APA) known to have a claim in the bankruptcy cases; (x) National Association of Attorneys General, 2030 M Street NW, 8th Floor, Washington, DC 20036 (Attn: Karen Cordry, Esq.); (xi) the Office of the Attorney General in each state in which the Debtors operate; (xii) the Office of the Delaware Secretary of State; (xiii) the Delaware State Treasury; (xiv) the Securities and Exchange Commission; (xv) the Internal Revenue Service; (xvi) all parties who have

requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (xvii) all of the Debtors' known creditors; and (xviii) all other persons as directed by the Court (for whom identifying information and addresses are available to the Debtors); and it appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having entered the *Order Approving (I) Form of Order Pursuant to Sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017 Authorizing Dismissal of the Debtors Cases and (II) Procedures for Submission of Such Order Under Certification of Counsel*, entered October 16, 2015 (D.I. 987) (the "*Dismissal Authorization Order*"); and the Debtors having filed the Certification of Counsel which certified that all transactions contemplated by the *Order Pursuant to Sections 105(a) and 363(b), (f), (k) and (m) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019 Approving Credit Bid Asset Purchase Agreement Among the Debtors, First Priority Notes Collateral Agent, and the Credit Bid Noteholders, the Settlement Agreement Between and Among the Debtors, First Priority Noteholders, and Ad Hoc Group of EEUK Term Loan Lenders, Release of any Claims Against EEUK Term Loan Lenders, and Modification of Debtors' Services Agreements*, entered October 16, 2015 (D.I. 985) (the "*Sale Order*"), to the extent such Sale Order is entered and applicable to Endeavour International Corporation, Endeavour Colorado Corporation, Endeavour

WEIL:\95546322\3\43794.0004

Energy New Ventures Inc., and END Management Company, that were preconditions to dismissal have been completed and all known, undisputed, and valid ordinary course administrative expenses have been paid, resolved, or otherwise settled by Endeavour International Corporation, Endeavour Colorado Corporation, Endeavour Energy New Ventures Inc., and END Management Company; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, the chapter 11 cases of Endeavour International Corporation, Endeavour Colorado Corporation, Endeavour Energy New Ventures Inc., and END Management Company are hereby dismissed.

3. Upon entry of this Order, the releases granted under the Sale Order shall extend through and include the date of entry of this Order.

4. The claims and noticing services provided in these chapter 11 cases by Kurtzman Carson Consultants LLC ("*KCC*") shall be terminated upon the completion of the services listed in paragraph 5 below. Thereafter, KCC shall have no further obligations to this Court, the Debtors, or any other party in interest with respect to the claims and noticing services in these chapter 11 cases.

5. Pursuant to Local Rule 2002-1(f)(ix), within fourteen (14) days of entry of this Order, KCC shall (a) forward to the Clerk of the United States Bankruptcy Court for the District of Delaware an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a Final Claims Register. KCC shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia,

Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

6. The United States may file a motion seeking to reopen one or more of the Debtors' chapter 11 cases to have this Court hear and determine issues solely relating to decommissioning obligations associated with any leases remaining in the Debtors' estates as of the date of entry of this Order in which the lessor is the United States (such leases, the "*Federal Leases*"). The Debtors shall be permitted to object to such motion on substantive grounds solely to the extent that such motion exceeds the scope of issues relating to such decommissioning obligations. The Debtors and the United States each reserve all their respective rights regarding the decommissioning obligations associated with the Federal Leases.

7. Notwithstanding section 349 of the Bankruptcy Code, prior orders of this Court, including the Dismissal Authorization Order and the ability of the Debtors to dissolve immediately prior to, upon, or after dismissal pursuant thereto, shall survive dismissal of these chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in these chapter 11 cases.

Dated: _____Dec 7_____, 2015
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE